UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,

        -against-                                    **MEMORANDUM & ORDER**

JOHN MARKOU,                                08-cr-399 (RJD)

                    Defendant.
-------------------------------------------------------------X
DEARIE, District Judge

      Defendant John Markou's request for compassionate release under 18 U.S.C. § 3582(c) is denied.

## BACKGROUND

      Mr. Markou was indicted by grand jury on April 7, 2009 on charges of bank robbery and related attempt, conspiracy and firearm crimes. Superseding Indictment, S-2 ("Ind."), ECF No. 56. On September 29, 2009, Mr. Markou pleaded guilty to conspiracy to commit Hobbs Act robbery (Count 12) and using a firearm during a crime of violence (Count 13). ECF No. 104. On March 9, 2010, this Court sentenced Mr. Markou to 120 months' imprisonment on Count 12 and 84 months' imprisonment on Count 13, to run consecutively with his sentence for Count 12. ECF No. 170. According to the Bureau of Prisons, Mr. Markou is scheduled to be released on June 25, 2023, excluding any applicable credits. Def. Mem. at 1, ECF No. 265; Gov't Mem. at 1, ECF No. 267. He is currently incarcerated at Federal Correctional Institution, Schuylkill, and has served approximately 12 years of his prison sentence.

      Mr. Markou moves the court for early release pursuant to 18 U.S.C. § 3582(c)(1)(A). Mr. Markou primarily seeks early release as a result of his parents' deteriorating health, which Mr. Markou submits requires him to serve as their caretaker to help them perform the tasks

required of daily living.  Def. Mem. at 2-4, 12.  Mr. Markou also notes his own ailments, namely asthma and pre-diabetes, and argues they put him at increased risk of serious illness should he contract COVID-19 while incarcerated at FCI Schuylkill.  Id. at 4-5, 12-14.  Mr. Markou asks the Court to re-sentence him to immediate release from imprisonment and home confinement for the remainder of his original incarceration term.

At present, FCI Schuylkill is not reporting an outbreak of COVID-19.[1]  As of the time of this order, there are currently no reported active cases of the virus among inmates or staff.

## DISCUSSION

Compassionate release empowers courts to reduce a defendant's term of imprisonment in certain cases when "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).  A court may grant compassionate release when (1) a petitioner has exhausted administrative remedies; (2) "extraordinary and compelling reasons warrant [] a reduction" of the originally imposed sentence; (3) a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (4) the factors outlined in § 3553(a) weigh in favor of a reduction.  Id.

### 1. Exhaustion of Administrative Remedies

The Court may modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf."  Id.  Mr. Markou exhausted his administrative remedies when his appeal of the warden's denial of his request was also denied on August 18, 2020.  ECF No. 265-1.

---

[1] See BOP, Covid-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited November 25, 2020).

**2. Extraordinary and Compelling Reasons**

The First Step Act provides that a court "may reduce the term of imprisonment" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1). In determining what constitutes such reasons, a court is "free[] . . . to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

While the United States Sentencing Guidelines ("U.S.S.G.") are not binding on this determination where a motion is brought by a defendant, id., as is the case here, Section 1B1.13 provides some useful guidance. Under that provision, "extraordinary and compelling" reasons exist where, *inter alia*, (i) defendant "is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover," (ii) certain "family circumstances" arise such as the "incapacitation" of defendant's minor child's caregiver or of defendant's spouse "when the defendant would be the only available caregiver for the spouse," or (iii) other extraordinary and compelling reasons exist. U.S.S.G. § 1B1.13 cmt. 1(A).

The Government contends that neither Mr. Markou's history of asthma and pre-diabetes nor his parents' health issues warrant his release and placement in home confinement. Gov't Mem. at 5-9. Mr. Markou's concern for his parents' well-being is entirely understandable and their condition, if more thoroughly documented, may well present extraordinary and compelling circumstances. But the Court's inquiry does not stop there. The Court is required to consider the important § 3553(a) factors and that review presents an insurmountable barrier to relief.

### 3. Section 3553(a) Factors

Even if extraordinary and compelling circumstances exist, they must outweigh the factors outlined in 18 U.S.C. § 3553(a), which are largely duplicative of those set forth in § 3142(g). These include "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(C).

Although always hopeful, the Court concludes that these factors, particularly the need to protect the public from potential future crimes of the defendant, are not outweighed by defendant's reasons for release. With a lengthy criminal history, including violent crime, Mr. Markou pleaded guilty to serious and violent crimes, involving a string of seven bank robberies. He was sentenced as a criminal history Category 5 offender. The sentence imposed protects the public for an appropriate period of time. Accordingly, the Court finds that the § 3553(a) factors would not be outweighed by Mr. Markou's reasons for modifying his sentence, even if those reasons were deemed to be extraordinary and compelling.

It is worth noting that the Court is pleased to learn of Mr. Markou's productive activities while incarcerated and that Mr. Markou feels like a different man today than he was in 2008. See Def. Exs. D-G; Def. Mem. at 14. The Court sincerely hopes Mr. Markou will continue down this positive path and that he will make a future for himself that is free of crime. See Sentencing Tr., ECF No. 186. The future is uncertain. Mr. Markou's past is not.

4

## CONCLUSION

For the reasons stated above, the Court denies Mr. Markou's motion for compassionate release.

SO ORDERED.

Dated: Brooklyn, New York
November 25, 2020

     /s/ Raymond J. Dearie\_\_\_\_
RAYMOND J. DEARIE
United States District Judge